# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

CARLOS SANTA MARIA,

    Plaintiff,

v.

PROJEKT PROPERTY
RESTORATION, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CARLOS SANTA MARIA (hereinafter, "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, PROJEKT PROPERTY RESTORATION, INC., ("Defendant"). In support of his complaint, Plaintiff would state the following:

## JURISDICTION AND VENUE

1.    This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for violation of the Florida Workers' Compensation laws under Fla. Stat. § 440.205.

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's

claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within Hollywood, Florida. Plaintiff is over the age of eighteen.

6. Defendant is a Florida corporation with its principal place of business in Aventura, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the State of Florida.

7. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

8. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

9. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Plaintiff, during all relevant times, worked providing manual restoration work and regularly handled goods flowing through interstate commerce.

11. All the actions complained of herein took place in the Southern District of Florida.

12. Plaintiff has completed all conditions precedent to filing this action or such conditions have been waived.

## GENERAL ALLEGATIONS FOR OVERTIME CLAIM

13. Plaintiff was employed by Defendant from January 2016 through February 2018.

14. The relevant time frame for the Plaintiff's Overtime claim is January 2016 through April 2017. Effective approximately May 1, 2017, Defendant began using a time clock and appears to have paid plaintiff at least some of the overtime due.

15. Plaintiff regularly worked approximately 50 hours per week, of which the Defendant was aware, between January 2016 and the end of April 2017.

16. Plaintiff was not exempt from overtime because he did manage any employees, did not exercise independent discretion and spent the overwhelming majority of his time performing non-exempt job functions.

17. Plaintiff's day-to-day tasks included manual labor in furtherance of the Defendant's restoration business.

18. During the relevant time period, Plaintiff was paid a salary of $52,000.

19. Plaintiff was misclassified as an exempt employee and therefore his time was not tracked by Defendant during the relevant time period.

20. Defendant controlled the manner in which Plaintiff performed his work and the hours he was to work.

21. Plaintiff was, at all times relevant, an employee of Defendant as that term is defined in Florida Statutes § 440.02(15)(a).

22. Defendant was, at all times relevant, "employer" as that term is defined in Fla. Stat. § 440.02 (16)(a).

23. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## GENERAL ALLEGATIONS PERTAINING TO FLORIDA STATUTE § 440.205

25. On or about Saturday, December 1, 2017, Plaintiff injured his shoulder in an on the job accident.

26. Plaintiff notified his supervisor, of the accident, but was advised the company did not have workers compensation insurance.

27. Plaintiff's injury was sufficiently serious that surgery was ultimately performed in April 2018. Due to the lack of workers compensation coverage, Plaintiff was required to use his own resources to have the surgery and preliminary work performed.

28. On or about February 24, 2018, Plaintiff was terminated due to his on the job injury and requests to be treated under workers compensation.

29. Prior to his accident and contacting his supervisor, Plaintiff had no reprimands, verbal or written, in his employee file.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

30. Plaintiff re-alleges and re-avers paragraphs 1–24 as fully set forth herein.

31. Between January 2016 and April 2017, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing Plaintiff for workweeks longer than

forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

32. Specifically, Plaintiff worked approximately 50 hours during each work week between January 2016 and April 2017, but was not paid for his overtime hours.

33. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he did not exercise independent discretion, was not a manager, and performed manual labor during his time employed by the Defendant.

34. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

35. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff CARLOS SANTA MARIA demands judgment for:

   a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

   b) Interest on the amount found due;

   c) Liquidated damages;

      d)     A jury trial on all issues so triable;

      e)     Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

      f)     Such other relief as the Court deems just and proper.

## COUNT TWO—VIOLATION OF WORKERS' COMPENSATION LAWS

38. Plaintiff re-alleges and re-avers paragraphs 1-12 and 23-29 as though fully set forth herein.

39. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

40. On or about December 1, 2017, Plaintiff suffered an on the job shoulder injury and immediately reported this to his supervisor.

41. Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law but ultimately learned the Defendant did not carry proper workers compensation insurance.

42. Plaintiff was ultimately terminated by Defendant on February 24, 2018 due to his on the job injury and requests to be treated under workers compensation.

43. It is clear that Defendant terminated Plaintiff because of his valid claim for compensation under the Workers' Compensation Law. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

44. Plaintiff's work record with Defendant prior to his injury was satisfactory.

45. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

46. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff CARLOS SANTA MARIA demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of his termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) A trial by jury; and

f) Any other relief this Court deems proper.

## **JURY TRIAL DEMAND**

Plaintiff CARLOS SANTA MARIA hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  June 7, 2018.

                                           **EISS MASSILLON, P.L.**
                                           Attorneys for Plaintiff
                                           7951 SW 6th Street, Suite 308
                                           Plantation, Florida 33324
                                           (954) 914-7890 (Telephone)
                                           (855) 423-5298 (Facsimile)

By:   **/s/ CHARLES EISS**
                                           CHARLES M. EISS, Esq.
                                           Fla. Bar #612073
                                           Chuck@eissmassillon.com