UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  18-61279-CIV-WILLIAMS

CARLOS SANTA MARIA,

     Plaintiff,

          v.

PROJEKT PROPERTY RESTORATION, INC.,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

The Plaintiff, by and through counsel, pursuant to Rule 12(b)(1) Fed.R.Civ.P., files this Motion to Dismiss Count II of the Complaint for Lack of Subject Matter Jurisdiction, and states as follows:

### Procedural History

On June 7, 2018, the Plaintiff, CARLOS SANTA MARIA, filed a two (2) count Complaint against the Defendant, PROJEKT PROPERTY RESTORATION, INC. (hereinafter, "PROJEKT").  Under Count I ("Violation of FLSA/Overtime") of the Complaint, the Plaintiff alleges a claim for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §207.  Under Count II ("Violation of Workers' Compensation Laws")– the Plaintiff alleges a violation of Section 440.205 *Florida Statutes*, claiming that the Defendant terminated the Plaintiff "due to his on the job injury and requests to be treated under workers compensation."  *See* Complaint at ¶42.

On July 11, 2018, the Defendant filed its Answer and Affirmative Defenses, denying the

1

Plaintiff's allegations.  Thereafter, the Court required the Parties to attend a settlement conference with U.S. Magistrate Judge Alicia Valle on August 28, 2018.  *See* Order (DE 17).  The Parties did, in fact, attend that settlement conference on August 28, 2018, however, the Parties were unable to resolve the matter.  *See* Minute Entry (DE 19).

## MEMORANDUM OF LAW

A. ***The Court Lacks Jurisdiction Over Count II ("Violation of Workers' Compensation Laws") Because it Fails to Arise From the Same Case or Controversy as the FLSA Overtime Claim (Count I)***

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, *a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings. Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742–43 (11th Cir.2006).

To make this inquiry, the Court must "take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 (11th Cir.2012). "A federal court's power or jurisdiction to entertain supplemental state claims is ordinarily determined on the pleadings." *Lucero v. Trosch,* 121 F.3d 591, 598 (11th Cir.1997).

When a court lacks jurisdiction over state law claims, Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal of a case when it is determined that the court lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2002). "When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56 ." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir.2003) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)).

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either facial or factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Like a Rule 12(b)(6) motion, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true...." *Menchaca* 613 F.2d at 511 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Factual attacks differ because they "challenge[ ] the existence of subject matter jurisdiction in fact ... and matters outside of the pleadings, such as testimony and affidavits, are considered." *Id.*

Here, this is a classic of example of one thing having nothing to do with the other insofar as the state and federal claims being alleged in the Complaint. The essence of Plaintiff's overtime claim (Count I) is that the Plaintiff "was paid a salary of $52,000," worked "50 hours per week," was "misclassified as an exempt employee" and was not paid overtime "between January 2016 and April 2017". *See* Complaint at ¶¶15, 18, 19, 31, and 32.

With respect to the allegations supporting Count II ("Violation of Workers' Compensation

Laws") the Plaintiff alleges:

    a. On or about December 1, 2017, the Plaintiff injured his shoulder in a work-related accident. *See* Complaint at ¶¶25, 40;

    b. The Defendant company did not have workers compensation insurance. *Id.* at ¶¶27, 41.

    c. He was "terminated due to his on the job injury and requests to be treated under workers compensation." *Id.* at ¶28.

    d. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff and was done in violation of Florida Statutes §440.205. *Id.* at ¶43.

As an initial matter, the Defendant denies both Counts I and II of the Complaint, and vehemently disputes it did anything in violation of any federal *or* state laws. Nevertheless, the Court can plainly see for itself that the FLSA claim for overtime (Count I) has *nothing* to do with the Plaintiff's *workers' compensation retaliation/termination* claim (Count II).

In *Dennis v. Subway 726, LLC*, 2015 WL 12745542 (S.D.Fla., Nov. 10, 2015)(Dimitrouleas, J.), a plaintiff, represented by the same attorneys prosecuting the instant case, brought a federal FLSA overtime claim along with a Florida Statute Section 440.205 workers' compensation retaliation case. *See Dennis*, 2015 WL 1274554 at * 1. Like here, the plaintiff in that case claimed jurisdiction over the state law claim based on 28 U.S.C. §1367. *See id.* The *Dennis* court held that although the same parties were involved in both claims "the two claims arise from separate facts and accrued during distinct periods of time." Notably, in the *Dennis* case, the FLSA claim being alleged, occurred when the plaintiff worked overtime "between September 2014 and November 2014" and that the facts allegedly giving rise to the workers' compensation retaliation claim "occurred in February 2015." *Id.*

The same temporal problem, among others, exists in the instant case.  In the Complaint, the Plaintiff, SANTA MARIA alleged worked in excess of forty hours per week but was not paid overtime during the time period of "January 2016 and April 2017."  *See* Complaint at ¶¶15, 31. *However*, the Plaintiff claims he injured his shoulder in a work-related injury on *December 1, 2017*—nearly *eight* months *after* the time period for the overtime claim.  *See id.* at ¶25.  Moreover, the Plaintiff claims he was terminated by the Defendant on February 24, 2018, nearly 10 or 11 months *after* the end period for which he seeks overtime in this case.  By virtue of that temporal gap, it is impossible that the FLSA Claim (Count I) and the Workers' Compensation Retaliation claim (Count II) stem from the "same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In the Eleventh Circuit, numerous cases involving *state law* claims for workers' compensation retaliation have been dismissed for lack of supplemental jurisdiction even when they were coupled with FLSA wage claims.  In *Ramirez v. Casablanca Fish Market, Inc.,* 2008 WL 595847 *1 (S.D.Fla. March 4, 2018) (Hoeveler, J.), a plaintiff brought a "negligence/workers' compensation claim" for a slip-and-fall injury at work, along with FLSA overtime and minimum wage claims.  In that case, the plaintiff claimed to "have been injured as a result of [his employer's] failure to provide a safe place to work," that he was and that the employer "did not have workers' compensation insurance." *Ramirez,* 2008 WL 595847 *1.  The *Ramirez* court specifically found that:

> Neither of these issues are relevant to whether or not Plaintiff was entitled to a minimum wage under federal law.  Even if jurisdiction could be exercised as to the state workers' compensation claim, the Court would decline to do so in this instance—particularly where the allegations of fact predictably will be widely divergent and the proceedings lengthy.

*Ramirez.,* 2008 WL 595847 at *1.

A similar result was reached in *Orelien v. Georgia Pig, Inc.*, 2010 WL 11505257 (S.D.Fla. Sept. 29, 2010)(Zloch, J.).  In that case, a plaintiff filed a two-count complaint alleging an FLSA violation along with a violation of the Florida Workers' Compensation Law, Section 440.01 Florida Statutes.  *Id.*  The defendant in *Orelien* moved to dismiss based that state law claim based on a lack of subject matter jurisdiction under 28 U.S.C. §1367.  *Id.*  The court held:

> It is clear that this Court has original jurisdiction over the federal law claim asserted in the Complaint. However, the Court finds that the state law claim against Defendants is not so related to the federal claim in this instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Although both concern Plaintiff's employment, one concerns Defendants' obligation to abide by the labor laws of this country.  The other concerns Defendants' alleged violation of state workers' compensation laws. Therefore, the Court does not have the authority to exercise supplemental jurisdiction over the state law claim in the instant action.

*Orelien* 2010 WL 11505257 at *1.  Notably, the court in *Orelien* held that even if it wanted to use its *discretion* to exercise supplemental jurisdiction over the state law workers' compensation claim, it would *still* decline to do so.  *See id.* at *2.  To be sure, it found that "supplemental jurisdiction should not be exercised over the state claims . . . because the claims present both novel and complex questions of state law which would also predominate over the federal claim." *Id.* Additionally, the *Orelien* court held that the "state claims require completely different elements of proof wholly separate and distinct from the federal claim at issue." *Id.*  Lastly, the court found that "the state claims would tend to dominate the federal claim and obscure the significance of the federal claim." *Id.*

In *Arisme v. Faver, Inc.*, 2012 WL 12883331 at *1 (S.D.Fla., June 27, 2012)(Moreno, J.), a plaintiff brought an FLSA overtime case along with a state law claim under Section 440.205 Florida Statutes, wherein the plaintiff claims he "was wrongfully discharged in retaliation for seeking workers' compensation benefits after being injured on the job."  Therein, the court found "an insufficient nexus between Plaintiffs retaliatory discharge claim and his FLSA claims to justify

supplemental jurisdiction." *Id.* The *Arisme* court held merely because both claims involved an employment relationship was insufficient to create a "common nucleus of operative fact." *See id.*[1] at \*2. Indeed, the *Arisme* plaintiff's claim that he "suffered a work-related injury that required medical attention," him "report[ing] his injury to his employer," and his termination "shortly thereafter,"

> do not overlap nor share similarities with the facts supporting the Plaintiffs FLSA claims for overtime compensation; establishing Plaintiffs retaliatory discharge claim and his FLSA claims will require different evidence, witnesses and facts. Therefore, an insufficient nexus exists between Plaintiff's federal and state claims to establish supplemental jurisdiction over the state claim for retaliatory discharge.

*Id.*

In *Coello v. La Cabana Mexican Restaurant*, 2013 WL 6569140 \*1 (N.D. Ala., Dec. 13, 2013), a plaintiff brought an FLSA claim for unpaid overtime along with a "state court claim for wrongful termination in retaliation for seeking workers' compensation benefits." The defendant in that case claimed that the two disparate claims failed to form part of the same case or controversy under 28 U.S.C. §1367. *Id.* at \*3. Finding the plaintiff "failed to show how the FLSA and wrongful termination claims arise from the same facts, or involve similar occurrences, witnesses or evidence," that court held:

> The FLSA claim is based upon the alleged failure of the defendants to pay overtime. Such a claim focuses on "[d]efendants' status as an employer covered by the FLSA, [p]laintiffs status as an employee of [d]efendants, and the number of hours [p]laintiff worked each week." *Carvalho v. Door–Pack, Inc.,* 565 F.Supp.2d 1340, 1341 (S.D.Fla.2008). The wrongful termination claim is created by the Alabama Workers' Compensation Act. That claim will focus on whether the defendants were covered under the act, whether the plaintiff was hurt on the job, and whether he was fired for seeking benefits under the act. The two claims are not so related that they

---

[1] "An employment relationship, standing alone, is not strong enough to weave a sufficient factual nexus between federal and state law claims." Malphurs v. Cooling Tower Sys., Inc., 5:13-CV-443 MTT, 2014 WL 1673291, at \*2 (M.D. Ga. Apr. 28, 2014), aff'd sub nom. Malphurs v. Cooling Towers Sys. Inc., 709 Fed. Appx. 935 (11th Cir. 2017). Merely having a commonality of the parties involved is too attenuated to meet the standard for exercising supplemental jurisdiction." *Steele v. Presbyterian Ret. Communities, Inc.,* 617CV871ORL40KRS, 2017 WL 3602065, at \*2 (M.D. Fla. Aug. 3, 2017).

form part of the same case or controversy. Thus, the court does not have supplemental jurisdiction over the wrongful termination claim.

*Id.* at *4.

### B. The Court Should Decline to Exercise its Discretion Because Count II Predominates Over the FLSA Claim for Which it Does Have Jurisdiction.

Assuming, *arguendo* that the Court determines that the Plaintiff's workers' compensation retaliation claim (Count II) does arise out of a common nucleus of operative fact with a substantial federal claim, which the Defendant disputes, the Court should *still* decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. ¶1367(c).  A court should decline to exercise supplemental jurisdiction over a state claim when it "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).

As set forth in the Plaintiff's Statement of Claim, the Plaintiff claims to be owed an unliquidated amount of *$6,500.00*.  *See* Statement of Claim (DE 7).  If, however, the plaintiff's workers' compensation retaliation claim were allowed to go forward, it would predominate over the FLSA issues.  To be sure, Count II (Worker's Compensation Retaliation), would require evidence as to reasons why the Plaintiff alleges to have been terminated, whether Plaintiff was, in fact, injured while employed by the Defendant; medical expert testimony to address to address the scope of injury and the plaintiff's future prognosis; the medical necessity of any treatment Plaintiff received would need to be examined; the amounts and reasonableness of any medical bills incurred; whether the Defendant had or was even required to have workers' compensation insurance; and, whether the Defendant acted unlawfully, which it vehemently disputes.  In short, allowing Count II to proceed would clutter these proceedings with non federal issues.  *See Brennan v. Heard*, 491 F.2d 1, 4 (11th Cir. 1974)(holding cluttering FLSA cases with state law claims arising from "the minutiae of other employer-employee relationships" would "be antithetical to the

purpose of the [Fair Labor Standards] Act.").

### C. The Court Should Decline to Exercise its Discretion Because Count II Raises Novel or Complex issues of State Law.

A court should decline to exercise supplemental jurisdiction over a state claim when it "raises a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1).  As set forth above, in *Orelien v. Georgia Pig, Inc.*, 2010 WL 11505257 (S.D.Fla. Sept. 29, 2010)(Zloch, J.), in a case factually similar to the one *sub judice*,  a plaintiff filed a two-count complaint alleging an FLSA violation along with a violation of the Florida Workers' Compensation Law, Section 440.01 Florida Statutes.  A review of the docket in that case reveals that the plaintiff in *Orelien* alleged that he was terminated based on "Plaintiff's workers' compensation injury and/or Plaintiff's attempt to obtain benefits and protections of Florida's Workers' Compensation Law, in violation of Florida Statute §440.205(2)."  *See* Complaint (DE 2) in *Orelien v. Georgia Pig, Inc.*, 10-cv-60004-WJZ (S.D.Fla., Jan. 4, 2010).

There, the court found that the type of Workers' Compensation Law violations alleged by the plaintiff raised "novel or complex issue of State law."  *Id.* at *2.  For that reason, and others, the court declined jurisdiction over that state law claim.

Here, the state law claim brought by Plaintiff, SANTA MARIA, is virtually identical to workers' compensation retaliation claim brought in *Orelien*.  Therefore, the Court should also decline to exercise it discretion for supplementary jurisdiction over Plaintiff's state law claim.

WHEREFORE, the Court should dismiss Count II of the Complaint and all allegations related to Plaintiff's Workers' Compensation claims/count *with prejudice.* The Defendant also requests all relief deemed just and appropriate.

Respectfully submitted by,


/s/. Peter Bober, Esq.
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248
BOBER & BOBER, P.A.
1930 Tyler Street
Hollywood, Florida 33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served

this day on all counsel of record or pro se parties identified on the attached Service List in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

in some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

s/. Peter Bober
FBN:  0122955

## SERVICE LIST

Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: Chuck@eissmassillon.com
EISS MASSILLON, P.L.
7951 S.W. 6th Street, Suite 308
Plantation, PL 33324
Telephone: (954) 914-7890
Facsimile: (855) 423-5298
Attorneys for Plaintiff

Jose P. Font, Esq.
Florida Bar No. 0738719
Primary Email: pleadings@fontnelson.com
Secondary Email: ifont@fontnelson.com
Tertiary Email: nkronen@fontnelson.com .
FONT & NELSON, PLLC
200 S Andrews Ave., Suite 501
Fort Lauderdale, FL 33301
Telephone: (954) 248-2920
Facsimile: (954) 248-2134
Co-Counsel Attorneys for Defendant