UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-61279-WILLIAMS/VALLE

CARLOS SANTA MARIA,

    Plaintiff,

vs.

PROJEKT PROPERTY RESTORATION,
INC.,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Defendant Projekt Property Restoration, Inc.'s ("Defendant") Motion to Dismiss Count II of the Complaint for Lack of Subject Matter Jurisdiction (the "Motion"). (ECF No. 21). United States District Judge Kathleen Williams has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 25); *see also* 28 U.S.C. § 636. The undersigned has reviewed the Motion, Plaintiff's Response, Defendant's Reply, and is otherwise fully advised. *See* (ECF Nos. 21, 27, and 30). For the reasons set forth below, the undersigned recommends that Defendant's Motion be **GRANTED.**

    **I.    BACKGROUND**

Plaintiff filed this two-count complaint against his former employer on June 7, 2018, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Florida's Workers' Compensation Law, Section 440.01, Florida Statutes, *et seq.* (ECF No. 1). In support of his FLSA claim, Plaintiff alleges that Defendant did not pay him overtime for work he performed between January 2016 and April 2017. (ECF No. 1 ¶¶ 13-16, 30-37). As to the

Workers' Compensation claim, Plaintiff alleges that he injured his shoulder on December 1, 2017 while working for Defendant, notified his supervisor of the injury, and was informed by his supervisor that Defendant did not carry workers' compensation insurance.  *Id.* ¶¶ 25-28, 40-43.  Plaintiff persisted in his requests to receive medical treatment under workers' compensation insurance and claims he was fired on February 24, 2018, as a result.  *Id.* ¶¶ 28, 41-42.  In April 2018, Plaintiff had surgery for the injury, and paid with his own resources.  *Id.* ¶ 27.

Defendant now moves to dismiss the Workers' Compensation claim for lack of subject matter jurisdiction.  (ECF No. 21).  Specifically, Defendant argues that this Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Workers' Compensation claim because the claim does not arise from the same case or controversy as the FLSA claim.  *Id.* at 2-8.  Defendant also argues that if the Court finds that it has supplemental jurisdiction under § 1367(a), it should nonetheless decline to exercise its supplemental jurisdiction because the Workers' Compensation claim substantially predominates over the FLSA claim and raises novel or complex issues of state law.  *Id.* at 8-9.  The Court's original jurisdiction over the FLSA Claim is not in dispute.  The Motions are ripe for adjudication.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter."  *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (citing *Kokkonen*, 511 U.S. at 377).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *Id.* (quoting Fed. R. Civ. Pro. 12(h)(3)).

Under § 1367(a), a federal district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy if it "arise[s] out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724-25 (1966)). To determine whether state law claims and federal law claims arise from a common nucleus of operative fact, district courts consider whether the claims are based on "the same facts, or involve similar occurrences, witnesses or evidence." *Arisme v. Faver, Inc.*, 2012 WL 12883331, at *1 (S.D. Fla. June 27, 2012) (quoting *Hudson v. Delta Airlines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)); *see also Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994) (holding that state law claims involving "the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts" as federal claims gave rise to supplemental jurisdiction).

Moreover, even where a federal court has the power to exercise supplemental jurisdiction, it may, in its discretion, decline to do so under several circumstances, including when the claim raises a novel or complex issue of state law or the claim substantially predominates over the claim on which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(1)-(2); *see also Palmer*, 22 F.3d at 1569 ("Under the language of section 1367, whenever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies.").

### III.  LEGAL ANALYSIS

After scrutinizing the claims under the "common nucleus of operative fact" test, the undersigned concludes that the claims do not arise from the same facts or involve similar occurrences, witnesses, or evidence. For example, to prove his FLSA claim, Plaintiff will need to show that: (i) Plaintiff worked unpaid overtime, and (ii) Defendant knew or should have known of the overtime work. *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (stating the elements of an unpaid-overtime claim under FLSA). Practically, Plaintiff must establish the period during which he was not paid overtime, the number of overtime hours worked, and proof that he was not actually paid for his overtime work.[1]

Conversely, to establish the Workers' Compensation claim, Plaintiff must show that: (i) Plaintiff engaged in a statutorily protected activity; (ii) Plaintiff was subjected to an adverse employment action; and, (iii) there was a causal relationship between the protected activity and the adverse employment action. *Juback v. Michaels Stores, Inc.,* 143 F. Supp. 3d 1195, 1203 (M.D. Fla. 2015) ("A § 440.205 claim has the same elements as employment retaliation claims under federal law. . . ." (citing *Hornfischer v. Manatee Cty. Sheriff's Office*, 136 So. 3d 703, 706 (Fla. 2d DCA 2014))); *see also Jackson v. Kleen 1, LLC*, 238 So. 3d 378, 380 n.3 (Fla. 3d DCA 2017). As Defendant points out, proof of this claim will require "evidence as to reasons why the Plaintiff alleges to have been terminated[;] whether Plaintiff was, in fact, injured while employed by the Defendant; medical expert testimony to address . . . the scope of injury and the

---

[1] The undersigned recognizes that "[c]laims may constitute part of the same 'case or controversy' for the purposes of supplemental jurisdiction even when the elements of the federal and state claims are different." *Hernandez v. Two Bros. Farm, LLC*, 579 F. Supp. 2d 1379, 1382 (S.D. Fla. 2008) (citing *Palmer*, 22 F.3d at 1566 (11th Cir. 1994)). However, the undersigned reviews the elements of the FLSA claim and the Workers' Compensation claim to determine whether these claims may be proven by the same facts, occurrences, witnesses, and evidence. *See Arisme*, 2012 WL 12883331, at *1; *see also Hudson*, 90 F.3d at 455.

[P]laintiff's future prognosis; the medical necessity of any treatment Plaintiff received . . . ; the amounts and reasonableness of any medical bills incurred; whether . . . Defendant had or was even required to have workers' compensation insurance; and, whether . . . Defendant acted unlawfully . . . ." (ECF No. 21 at 8).

Thus, after considering what facts, evidence, and witnesses will be involved in proving Plaintiff's FLSA and Workers' Compensation claims, the undersigned finds that the two claims are not part of the same case or controversy as required by § 1367(a).[2] *See Dennis v. Subway 726, LLC*, 2015 WL 12745542, at *1 (S.D. Fla. Nov. 10, 2015) (dismissing workers' compensation claim brought under Section 440.205, Florida Statutes, for lack of supplemental jurisdiction because its supporting facts were "entirely distinct" from the facts supporting Plaintiff's FLSA claim); *Orelien v. Ga. Pig, Inc.*, 2010 WL 11505257, at *1 (S.D. Fla. Sept. 29, 2010) (finding workers' compensation claim did not arise from same case or controversy as FLSA claim); *Ramirez v. Casablanca Fish Mkt.*, 2008 WL 595847, at *1 (S.D. Fla. March 4, 2008) (finding no supplemental jurisdiction over negligence/workers' compensation claim because it was not "sufficiently related" to FLSA claim).

## IV.   RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Count II (ECF No. 21) be **GRANTED**.

The parties have 14 days from the date of this Report and Recommendation within which

---

[2] The undersigned rejects Defendant's argument that the Workers' Compensation claim involves novel or complex issues of state law as "[a] § 440.205 claim has the same elements as employment retaliation claims under federal law . . . ." *Juback*, 143 F. Supp. 3d at 1203. However, the undersigned agrees with Defendant that the Workers' Compensation claim would substantially predominate over the FLSA claim due to the evidence needed to prove the Workers' Compensation Claim. *See supra* Section III. Nevertheless, as the District Court does not have jurisdiction under 1367(a), the undersigned need not analyze these arguments further.

to serve and file written objections, if any, with United States District Judge Kathleen Williams. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED in Chambers, at Fort Lauderdale, Florida, on this 23rd day of January 2019.

*[signature: Alicia O. Valle]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Kathleen Williams
     Counsel of Record